### 2442.　SMITH *v.* SWINT.

Under the act creating the city court of Waynesboro, either party in any
civil cause "shall be entitled to trial by a jury in said court upon his
entering his demand therefor, by himself or his attorney, in writing,
on or before the call of the docket at the term to which the cause is
returnable."　Where the attorney for the defendant enters, on the plea
when filed, a timely demand for a trial by a jury, the defendant is not
deprived of this right because the demand does not appear on the docket
or on the minutes.　A written demand entered on the plea is a substan-
tial compliance with the statute.

DECIDED JULY 25, 1910.

Complaint; from city court of Waynesboro—Judge Davis.　Jan-
uary 19, 1910.

*I. S. Peebles Jr., C. B. Garlick,* for plaintiff in error.

*H. J. Fullbright,* contra.

HILL, C. J.　This was a suit on promissory notes; defense, par-
tial failure of consideration; verdict for the plaintiff.　The de-
fendant made a motion for a new trial on the general grounds,
which was overruled.　In this court he expressly abandons his
motion for a new trial and insists only on an exception pendente
lite which was properly made and filed.　This exception is that
the court erred in sustaining a motion to strike the demand for a
jury trial, alleged to have been made by the defendant.　The facts
relating to this demand appear from the record as follows: Upon
the plea filed at the appearance term had been written the follow-
ing entry: "Georgia, Burke County.　And now, at the appearance
term of said cause, comes the defendant, through his attorney at

law, and enters this his demand for a trial by jury in said case. This Sept. 1, 1909. [Signed] C. B. Garlick, Deft's Attorney." This demand was not entered by the judge on the docket or by the clerk on the minutes; and it did not appear, otherwise than by the entry itself, when in fact the demand was made. There was no evidence that it was not written on the plea by the attorney for the defendant at the date it purports to have been so entered. Under the act creating the city court of Waynesboro, all causes returnable to a monthly term of the court are triable at that term of the court, "provided always that either party in any case shall be entitled to trial by a jury in said court upon his entering his demand therefor, by himself or his attorney, in writing, on or before the call of the docket at the term to which the cause is returnable," etc. Acts 1903, p. 180, secs. 19, 22.

When the case was sounded for trial at the next quarterly term subsequent to the monthly term to which it had been filed, the court sustained the motion to strike the demand for jury trial, because it did not appear from the docket or the minutes of the court that any demand had been made on or before the call of the docket at the term to which the cause was returnable. It will be noticed that the act does not require the demand to be entered either on the docket or on the minutes of the court. Unquestionably the better practice would be to have it entered on both, or at least on the minutes, but the statute only requires in general terms that the demand shall be entered, in person or by attorney, "on or before the call of the docket at the term to which the cause is returnable." Here it is not denied that the demand was entered on the plea when filed, on or before the return term. The statute declares that the party entering the timely demand "*shall* be entitled to trial by a jury in said court." We can not think that this right is lost by failure to enter the demand on the docket or the minutes. Where the demand is entered on the pleadings filed in the case, it could, if necessary, be ordered entered on the minutes nunc pro tunc, or the judge could enter the demand on the docket at any time. The place where the demand is entered is a mere formality; the fact of the demand is the essential. The law, which deals with substance and not form, will not deprive a litigant of his right to a jury trial on demand, without substantive reason. Sup-

pose the clerk failed to enter the demand on the minutes, or the court neglected to put it on the docket. Would this deprive the party of his right, when it was undisputed that a timely demand had been entered in writing on the pleadings in the case? Here the case was in order for trial at the September monthly term to which it was returnable, but the clerk placed the· case on the docket at the next regular quarterly term for trial by a jury. The clerk must, therefore, have had notice at the monthly term of the demand for a jury trial. It is said by learned counsel for the defendant in error that the plaintiff in error was not hurt by the failure to give him a trial by jury; that by abandoning the general grounds of his motion for a new trial he concedes that the verdict was right under the evidence. Ordinarily, a complainant must show injury as well as error, to warrant a reversal. But he may be entitled, on timely demand, to a trial of the facts by a jury. These arbiters of facts may have taken a different view of the evidence from that entertained by the trial judge. In our opinion, when a party has claimed his right to a jury trial in conformity with the statute regulating such right, he is entitled to have it, although it appears that the case was fairly tried by the judge and full and ample justice done between the parties. 24 Cyc. 176.

We conclude that the judge erred in sustaining the motion to strike the demand for a jury trial.         *Judgment reversed.*